I agree with the majority that we lack jurisdiction to determine the merits of appellant's argument that the trial court failed to act as a fair and impartial tribunal. I also agree with the majority's decision that the trial court satisfied the requirements of R.C. 2929.14(B).
I, however, must reluctantly concur with the majority in its interpretation and application of R.C. 2929.19(B)(2)(c) and (d) to the trial court's sentences in this case. In an effort to standardize sentencing in the courts across the state, the legislature has established a complex labyrinth of statutory requirements which courts must follow in sentencing. Although the legislature in its efforts to standardize is serving a legitimate state interest, it is my opinion that the legislature has all but stripped the trial court of the discretion it once had when determining an adequate sentence for a defendant.
In this case, the trial court navigated its way through this labyrinth of rules up to the final requirement that it state its reasons for imposing maximum consecutive sentences. It is clear that the legislature and Ohio Supreme Court require the trial court to articulate its specific reasons. The trial court is not prevented from imposing a consecutive prison term for abuse of a corpse under R.C. 2953.08(A)(2) and R.C.2929.19(B)(2) (a), so long as its reasons for doing so, which are specific to the facts of this case, are stated by the court. See R.C.2929.19(B)(2)(c).
I feel that under the incredibly egregious circumstances in this case, it is a futile exercise to require the trial court to state the obvious. Nevertheless, since this is what is required, I hope that the interests of justice will be served by remanding this case back to the trial court and requiring it to do, what I consider, a futile act. I hope, at the very least, it will appear to the public to serve the interests of justice.